NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE REYES, | : | |
| Plaintiff, | : | Civil Action No. 14-7377 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Jose Reyes ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded to the Commissioner for further proceedings.

In brief, this appeal arises from Plaintiff's application for supplemental security income and disability insurance benefits, alleging disability beginning June 1, 2010. A hearing was held before ALJ Elias Feuer (the "ALJ") on February 21, 2013, and the ALJ issued an unfavorable decision on March 4, 2013, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 4, 2013, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform medium work, as long as the jobs involve limited contact with supervisors. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform his past relevant work as a fish cleaner, driver, and warehouseman. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ failed to properly weigh the medical evidence; and 2) the ALJ failed to properly evaluate Plaintiff's credibility.

In largest part, Plaintiff argues that the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Chanana, and erred in rejecting the opinion of Dr. Sherman. Plaintiff's argument begins by appropriately citing 20 C.F.R. § 416.927(c)(2), which states: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."

In rejecting Dr. Chanana's opinion, the ALJ stated:

> Treating physician Dr. Chanane opined the claimant was physically capable of less than sedentary work and mentally unable to withstand even low stress (Exhibit 7F). Treating physician Dr. Oberi opined that he should not be working as he was "very unstable" (Exhibits 6F and 7F). I find these assessments unsupported by the treatment record and afford them little weight. Clinical findings regarding his back impairment were minimal, and laboratory testing showed only disc bulges without cord involvement. He refused therapy which may have relieved his symptoms. Despite complaints of disabling anxiety and depression he has repeatedly refused offers of treatment. He takes no medication for this condition at this time and receives no treatment. As noted, he was able to work many years with the disorder. Mental status findings were essentially normal except for some mild concentration deficits.

(Tr. 30.)

Plaintiff contends, correctly, that the ALJ's finding of failure to follow prescribed treatment does not meet the requirements of SSR 82-59, which states, in relevant part:

> SSA may make a determination that an individual has failed to follow prescribed treatment only where all of the following conditions exist:
>
>    1. The evidence establishes that the individual's impairment precludes engaging in any substantial gainful activity (SGA) or, in the case of a disabled widow(er) that the impairment meets or equals the Listing of Impairments in Appendix 1 of Regulations No. 4, Subpart P; and
>    2. The impairment has lasted or is expected to last for 12 continuous months from onset of disability or is expected to result in death; and
>    3. Treatment which is clearly expected to restore capacity to engage in any SGA (or gainful activity, as appropriate) has been prescribed by a treating source; and
>    4. The evidence of record discloses that there has been refusal to follow prescribed treatment.
>
> Where SSA makes a determination of "failure," a determination must also be made as to whether or not failure to follow prescribed treatment is justifiable.

The ALJ's decision does not comply with SSR 82-59. The Commissioner's opposition brief does not address or rebut Plaintiff's argument.

Moreover, Plaintiff contends that the ALJ's rejection of the opinion of Dr. Chanana was improper under Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), which holds:

> In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

It does indeed look like the ALJ's explanation does not comply with Morales; in particular, the inferences about the clinical evidence of back impairment appear to be lay opinion.

In opposition, the Commissioner argues that "the opinions identified by Plaintiff are inconsistent with substantial evidence contained in the record." (Def.'s Opp. Br. 17.) The

3

Commissioner's brief does a great job of going through the record and pointing out the evidence which supports the ALJ's decision.  Particularly persuasive are the citations to the consultative examination reports of Drs. Brown and Merlin, which clearly contradict Dr. Chanana's opinion.  The problem is that the ALJ did not cite the ample available contradictory evidence in the record.  Had the ALJ done so, this remand might not have been necessary.

Third Circuit law on this issue is very clear.  In Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001), the Third Circuit vacated the district court's affirmance of the ALJ's decision and ordered a remand, holding as follows:

> The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ.  This runs counter to the teaching of *SEC v. Chenery Corporation,* 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."

The Commissioner here invites this Court to rectify the ALJ's error by relying on medical records not cited by the ALJ.  This is not permissible under Fargnoli.

Moreover, the ALJ's decision runs afoul of the Third Circuit principles of Burnett and Cotter.  In Cotter, the Third Circuit held:

> [W]e need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.

Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).  Such is the case here: this Court cannot tell if the significant probative evidence cited in the opposition brief was not credited or was ignored by the ALJ.

The ALJ's rejection of treating physician Dr. Chanana's opinion was improper under

4

SSR 82-59 and Morales.  Plaintiff has persuaded this Court that the ALJ erred in his decision. This Court finds that the Commissioner's decision is not supported by substantial evidence and must be vacated and remanded for further proceedings in accordance with this Opinion.

      s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: December 3, 2015